IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICH AUREL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-20-2377 |
| OFFICER DOROTHY B. BITTINGER and OFFICER JOHN CLINGERMAN, | * | |
| | * | |
| Defendants. | *** | |

## MEMORANDUM

The court received a 42 U.S.C. § 1983 prisoner civil rights action (ECF 1) and motion for leave to proceed in forma pauperis (ECF 2), filed by the self-represented plaintiff, Mich Aurel. Aurel, who is a prisoner confined at the North Branch Correctional Institution ("NBCI"), has also filed a motion for an emergency restraining order. ECF 3. He claims that on July 27, 2020, he was sexually assaulted and harassed by Officer Dorothy Bittinger. ECF 1 at 2.

Aurel states that on July 27, 2020, he was using the toilet in his cell and had a towel hung up for privacy. Bittinger demanded that Aurel remove the towel and when he did not comply, Bittinger had another officer open the cell door. Bittinger then entered the cell and observed Aurel on the toilet, in violation of his right to privacy. ECF 1-2 at 1-2. Aurel seeks monetary damages and a transfer to a new institution. ECF 1 at 3.

In ECF 3, Aurel lists five additional correctional officers as defendants, the Acting Assistant Warden, "or the next 516 officers employed at N.B.C.I." Aurel claims that on July 30, 2020, after he filed a complaint pertaining to the incident with Bittinger on July 27, 2020, "[t]hese officers and their supervisors pout [sic] me in the Sergeant's office … my livelihood was verbally threatened …with comments of 'I'll be murdered by their officers.'" ECF 3 at 2. Further, Aurel alleges that

they threatened to put him in a cell, spray him with chemical mace, and have a spit-blocking mask put on his face so he will "choke to death." *Id.* Aurel asks the court to issue an order requiring the officers to remain 500 yards away from him or that he be transferred to a medium security facility. ECF 3 at 2-3.

Aurel has filed roughly 50 actions in this court over the past nine years. In three of the cases, Aurel was granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915(a). The cases were dismissed as frivolous or for failure to state a claim. Aurel has repeatedly been notified that the dismissals constituted "strikes" under § 1915(e),[1] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Aurel may only proceed in this action without prepayment of the filing fee if he is in imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g).[2]  "[T]he requisite

---

[1] *See, e.g., Mich v. Nice, et al.*, Civil Action No. JKB-14-1397; *Aurel v. Gainer, et al.*, Civil Action No. ELH-15-1750; *Aurel v. Jones, et al.*, ELH-15-1928; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0850; *Aurel v. NBCI, et al.*, Civil Action No. ELH-16-0851; *Aurel v. Vanskiver*, Civil Action No. ELH-19-2756; *Aurel v. Kammauf, et al.*, Civil Action No. ELH-20-0511; *Aurel v. Hoover, et al.*, Civil Action No. ELH-20-1339; *Aurel v. Hallworth*, ELH-20-1340; *Aurel v. Hogan, et al.*, Civil Action No. 20-CV-2348; *Aurel v. Holley, et al.*, Civil Action No. ELH-20-2349.

[2] Specifically, §1915g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

imminent danger of serious physical injury must exist at the time [of] the complaint or the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020) (citing *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012)) (per curiam) (additional citations omitted). Further, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Chase*, 466 F.App'x at 186, 187 (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.2003)).

Aurel alleges in the motion for restraining order that he is in fear for his life based solely on verbal threats of harm made by the officers at NBCI on July 30, 2020. ECF 3 at 3. He has not alleged that NBCI officers have taken any action to carry out verbal threats. He states generally: "This incident has happened before, and this facility is well known for its voluntarily [sic] and involuntarily [sic] deaths of inmates." *Id.* at 2. This generalized statement lacks specific facts indicating plaintiff has suffered any physical injury or that there is a pattern of misconduct by officers that creates a likelihood of imminent physical injury.

In addition, the court notes that Aurel is no longer housed at NBCI, having been transferred to Western Correctional Institution. *See* inmate locater at http://www.dpscs.state.md.us/inmate/. The transfer extinguishes any possibility that Aurel is in imminent danger of serious physical injury at the hands of officers at NBCI.

---

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In sum, there is no basis for granting Aurel review of his current claims under the § 1915(g) exception, because at the time he filed the Complaint he did not adequately allege that he was in imminent danger of serious physical harm.  Aurel is reminded that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee.  In the alternative, a Complaint filed with an indigency application must demonstrate that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis and for an emergency restraining order shall be denied and his Complaint shall be dismissed, without prejudice, by separate Order.

Date:  December 14, 2020                                       /s/
                                                          Ellen L. Hollander
                                                          United States District Judge